(C.D. 2646)

ARNART IMPORTS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 4, 1966)

*Siegel, Mandell & Davidson* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

Before DONLON, RICHARDSON, and LANDIS, Judges

LANDIS, Judge: Counsel have submitted the suits listed in schedule "A," attached to this decision and made a part hereof, on the following stipulation:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "W" and checked RS (Examiner's initials) by Examiner Rubin Sokoloff (Examiner's name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, assessed with duty at 45 per centum ad valorem under the provisions of paragraph 212, Tariff Act of 1930, as modified, consist of plaques similar in all material respects to the merchandise the subject of *Arnart Imports, Inc.* v. *United States,* C.D. 2531, wherein the merchandise was held to be properly dutiable as entireties with the accompanying wooden frames under the provisions of paragraph 412, Tariff Act of 1930, as modified, with duty at 16⅔ per centum ad valorem.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2531 be incorporated and made a part of the record in the protests enumerated on the scheduled attached hereto and made a part hereof, and that said protests be deemed submitted on this stipulation, the protests being limited to the item marked with the letter "W" as aforesaid, and abandoned as to all other items.

Upon the established facts and following the authority cited, we find and hold, as alleged by the plaintiff, the items of merchandise,

marked "W" and initialed RS by Examiner Rubin Sokoloff on the invoices, to be properly dutiable at the rate of 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802).

To the extent indicated the specified claim in these suits is sustained. All other claims as to all other merchandise, having been abandoned, are hereby dismissed.

Judgment will be rendered accordingly.